UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PHN MOTORS, LLC D/B/A BILL DORATY KIA, et al. | ) ) ) | CASE NO. 1: 10 CV 2392 |
| Plaintiffs, | ) ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | |
| MEDINA TOWNSHIP, et al. | ) ) | MEMORANDUM OPINION AND ORDER |
| Defendants. | ) ) | |

This matter comes before the Court upon a Motion to Dismiss filed by Defendants Michael D. Todd, Sarah Gardner, Ray Jarrett, and Allis Strogen. (ECF # 13.) For the reasons set forth below, the Motion to Dismiss is GRANTED, and those Defendants are hereby DISMISSED as parties to the instant case.

## I. BACKGROUND

Plaintiffs have filed the instant action concerning zoning regulations and enforcement in Medina Township, located in Medina County, Ohio. On November 18, 2010, Defendants Todd, Gardner, Jarrett, and Strogin filed a Motion to Dismiss, arguing that naming them as Defendants is duplicative and unnecessary because Medina Township is likewise named as a party Defendant. (ECF # 13 at 1-2.) More specifically, Defendants Todd, Gardner, Jarrett, and Strogin assert that they should be dismissed from this action "pursuant to U.S. Supreme Court precedent establishing that an action against a public official in his or her official capacity is an action against the public entity itself. . . ." (*Id.* at 2.) Defendants Todd, Gardner, Jarrett, and Strogin also contend that the Complaint fails to state a claim for relief with respect to them and seek dismissal on that basis. (*Id.* at 1.)

## II. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) allows a defendant to test the legal sufficiency of complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favorable of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). That is,"[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Amini v. Oberlin*

*College*, 259 F.3d 493, 502 (6th Cir. 2001). It is with this standard in mind that the instant Motion to Dismiss must be decided.

### III. DISCUSSION

It is well established that a lawsuit naming public officials in their official capacities is the equivalent to a lawsuit directed against the public entity which those individuals represent. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690 n.55 (1978); *see also Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent.") (quotations omitted). Accordingly, when the government entity is sued, in addition to the officials that represent the entity in their official capacities, naming such officials is redundant and unnecessary. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). Accordingly, in the interests of judicial economy, efficiency, and clarity, the claims against the officials in their official capacities should be dismissed. *See id.*; *Ledbetter v. Knox County*, No. 3:05-CV-248, 2006 WL 354200, at *3 (Feb. 15, 2006).

In this case, Plaintiffs have named Defendants Todd, Gardner, and Jarrett in their official capacities as Trustees of Defendant Medina Township. Plaintiff has also named as a Defendant Strogin in her official capacity as Chairperson of the Medina Township Board of Zoning Commissioners. At the same time, Plaintiffs have brought this action against Medina Township, the entity which these Defendants represent. As such, Plaintiffs' claims against Defendants Todd, Gardner, Jarrett, and Strogin are redundant and unnecessary. Pursuant to the standard set forth

3

above, the Motion to Dismiss those Defendants is GRANTED, and Defendants Todd, Gardner, Jarrett, and Strogin are hereby DISMISSED as parties to the instant case.

### IV. CONCLUSION

Based upon the foregoing, the Motion to Dismiss is GRANTED (ECF # 13), and Defendants Todd, Gardner, Jarrett, and Strogin are hereby DISMISSED as parties to the instant case.

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　　／s／ Donald C. Nugent
　　　　　　　　　　　　　　　　　　　DONALD C. NUGENT
　　　　　　　　　　　　　　　　　　　United States District Judge

DATED: January 14, 2011