UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PHN MOTORS, LLC., *et al.*, | ) | CASE NO. 1:10 CV 2392 |
| | ) | |
| Plaintiffs, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| MEDINA TOWNSHIP, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court subsequent to a four day trial to the Court with an advisory jury pursuant to Fed. R. Civ. P. 38(c)(1). Plaintiffs in this action are PHN Motors, LLC dba Bill Doraty Kia, ("BDK"), a car dealership located in Medina Township; Doralis Holdings LLC, owner of the property in Medina County on which the Bill Doraty Kia dealership is located; and Scherba Industries, Inc., dba Inflatable Images, ("Scherba"), owner of the inflatables that were leased to BDK and have been displayed on the roof of BDK during the pendency of this action.

Plaintiffs were informed by Defendants Medina Township and Elaine Ridgley, the Medina Township Zoning Inspector, that the inflatables on the roof of BDK were in violation of the Medina Township zoning regulations, specifically MTZR §603. BDK was asked to remove the inflatables from the roof of the dealership. The inflatables are large and are changed periodically. Plaintiffs filed this action seeking a declaration that Medina Township's sign

regulation prohibiting the display of inflatable devices in all zoning districts in the Township does not apply to the inflatable devices displayed at BDK because the inflatables are not signs under the Medina Township zoning regulations. Further, Plaintiffs seek a declaration that the Defendants' interpretation and enforcement of its zoning regulations violates Plaintiffs' rights of freedom of speech, due process and equal protection under the First, Fifth and Fourteenth Amendments of the United States Constitution. Plaintiffs also seek an injunction prohibiting Defendants from enforcing its zoning regulations against them and a writ of mandamus. At trial, Plaintiffs called fourteen witnesses: Michael Todd; Sarah Gardner; Ray S. Jarrett, Alliss J. Strogin, Gust Geralis, Bill Doraty, Michael Kevin Baach, Elaine Ridgley, Robert Scherba, Leo T. Schnell, Tim Smith, David Scherba, Jeffrey Hill and Louis Kalternstein. Defendants called two witnesses: Elaine Ridgley and Thomas Weinrich. Both sides submitted exhibits. At the close of all evidence, the Court granted Defendants' Motion for Judgment as a Matter of Law pursuant to Fed. R. Civ. P. 50 on the following claims: the First Amendment claim, the mandamus claim, the state claim that §603 does not apply to Plaintiffs, and the claim for damages as to Plaintiffs BDK and Doralis Holdings LLC but not as to Scherba. The case went to the Advisory Jury only on the two remaining claims that MTZR §603 violated the Due Process Clause of the Fifth Amendment and the Equal Protection Clause of the Fourteenth Amendment.

     The Advisory Jury returned unanimous Interrogatory Answers finding in favor of the Defendants Medina Township and Elaine Ridgley on Plaintiffs' claims that the Medina Township Zoning Regulation ("MTZR") §603 is unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment or violates the Equal Protection Clause of the Fourteenth Amendment. Specifically, the Advisory Jury answered "YES" to the question: Do you find that

a person of ordinary intelligence would have known from reading MTZR § 603 that the display of inflatable devices of the nature displayed at the Bill Doraty Kia site is prohibited?  This finding demonstrates that Plaintiffs' failed to demonstrate a critical element of its Due Process claim that MTZR §603 is void for vagueness. With respect to Plaintiffs' Equal Protection claim, the Advisory Jury answered "NO" to the question:  Do you find that the property at issue in this case, the Bill Doraty Kia vehicle dealership site, is similarly situated in all relevant respects with properties in the residential districts of the Township?  This finding negates one of the necessary elements of Plaintiffs' equal protection claim.

Following the trial, the parties were given the opportunity to submit proposed findings of fact and conclusions of law. Both parties filed proposed findings of fact and conclusions of law.

## FACTUAL FINDINGS

1. Plaintiff PHN Motors, LLC, d/b/a Bill Doraty Kia (hereinafter "BDK") is a vehicle dealership located at Route 18 and Interstate 71 in Medina Township which sells new and used vehicles. *Doraty, page 5, 9; Complaint ¶2.*

2. Plaintiff Doralis Holdings, LLC (hereinafter "Doralis") owns the property upon which BDK is located (the "Property") and leases that Property to BDK. *Geralis Testimony; Complaint ¶ 1.*

3. Plaintiff Scherba Industries, Inc., d.b.a. Inflatable Images (hereinafter "Scherba"), located in Brunswick, Ohio, manufactures and leases to BDK the various inflatable devices that have been displayed by BDK on the roof of BDK since October 2008. *Doraty, page 10, 31-32; Complaint ¶ 3.*

4. Defendant Medina Township is a duly authorized political subdivision organized and existing pursuant to the laws of the State of Ohio with the authority to enact zoning regulations, including its sign regulations in the Medina Township Zoning Resolution (hereinafter "MTZR"), pursuant to Title 5 of the Ohio Revised Code and the MTZR.

5. Defendant Elaine Ridgley is the duly appointed Zoning Inspector of Medina Township with the authority to interpret and enforce the MTZR, including its sign regulation in the MTZR, pursuant to Title 5 of the Ohio Revised Code and the MTZR. *MTZR Sections 606, 901 and Appendix III; Ohio Revised Code Section 519.16.*

6. On twenty-five (25) separate occasions beginning on October 9, 2008, to the date of trial, Defendant Elaine Ridgley, the Medina Township Zoning Inspector, served Plaintiff BDK with written notices that the inflatable devices displayed at the Property were in violation of the MTZR §603E, and ordered that the inflatable devices be removed. *Doraty, page 40-41, 67; Plaintiffs' Exhibit 9; Defendants Exhibit "DDDD."*

7. Plaintiff BDK did not remove the inflatable device as ordered by Defendant Ridgley. *Ridgley Direct, page 132; Doraty, page 15, 67.*

8. Plaintiff Scherba rented the inflatable devices to BDK and was paid by BDK for the rental of each and every inflatable device. *Doraty page 31, 66.*

9. Plaintiff BDK and Plaintiff Doralis did not produce any evidence of compensatory damages as a result of the actions of the Defendants.

10. Lou Kaltenstein of Medina Auto Mall and Jeff Hill of North Gateway Tire both testified that they understood that the MTZR, does not permit the use of inflatables at their respective places of business. *See, Kaltenstein, page 66; Hill, page 46; Ridgley Direct, page 122-123.*

11. Article II of the MTZR defines a "sign" as

> a structure, or natural object, such as a tree, rock, bush and the ground itself, or part thereof, or device attached thereto or painted or represented thereon, including any letter, word, banner, flag, balloon, other inflatable device, pennant, badge, or insignia of any governmental agency or of any charitable, or religious, educational or similar organization and/or search light, which shall be used to attract attention to any object, product, place, activity, person, institution, organization, or business. The word "sign" shall include a writing, representation, other figure of similar character located on the interior of a building only when (1) illuminated; (2) located so as to be viewed from the exterior of a building." *Defendants' Exhibit "A" and "D."*

12. The Medina Township Zoning Inspector, Defendant Elaine Ridgley, has enforced the

provision prohibiting inflatable devices as to all businesses in the Township. *See, Ridgley Direct, page 118-120, 123-132, 164.*

13. Plaintiff BDK uses the inflatable devices for advertising purposes. *Ridgley Direct, page 118; Doraty, page 11, 25, 32-33, 48, 55, 80-85; Defendants' Exhibits J, NN and HHHH.*

14. Plaintiff BDK uses multiple forms of signage for commercial and advertising purposes at the Property, including both permitted and prohibited signage under the MTZR. *Ridgley, page 132-136, 139-141; Doraty, page 74-79, 89, 92-94; Defendant's Exhibits U, NN and OO.*

15. The Medina Township Development Policy Plan (*Defendants' Exhibit 5*) demonstrates the following substantial interests of the Township in regulating commercial signage, including inflatable devices:

    a. To improve the commercial areas of Routes 18 and 42 there was the need to clean up these areas' generally sloppy appearance and the need for stricter sign controls. *See, page 39*
    b. The need to carefully control the size, height, quality and number of business identification signs in Medina Township to ensure the safety of auto travelers and to maintain the aesthetic quality of the community. This policy recognizes the need for businesses to advertise their goods and services. However, without standards that are enforced uniformly, visual quality along the highway deteriorates, and visual traffic hazards develop. *See, page 63.*
    c. Mobile signs, A-frame signs, and other miscellaneous signs should not be allowed on a commercial property. This is presently one of the principal sign problems along Rt. 42 and SR 18 in Medina Township. *See, page 64.*

16. The development of Medina Township has followed the Development Policy Plan adopted January 10, 1983, as updated and revised August, 2002. *Strogin Cross, Page 179.*

17. The use of inflatable devices is contrary to the design and character of Medina Township and creates legitimate concern about aesthetics and property values. A community should be able to choose whether or not it wants to allow inflatable devices. *Strogin Cross, Page 193.*

18. Current Township Trustee Ray Jarrett testified that Route 18 is a gateway into Medina Township and expressed concern over potentially sexually oriented businesses located in the Township and the inflatable devices they could display. *Jarrett, page 155.*

5

19. Mr. Jarrett's testimony also noted concern over diversion of a driver's eyes away from the roadway caused by the display of an inflatable device. *Jarrett, page 157.*

20. The inflatable devices displayed at residential properties in Medina Township are not "used to attract attention to any object, product, place, activity, person, institution, organization, or business" or used for "purposes of advertising" but are used to attract attention only to the inflatable device itself. *Ridgley Direct page 118-119,145-144, 161-162; Defendants' Exhibit "A" and "D."*

21. Plaintiff BDK never applied for a temporary sign permit or applied for a variance or appealed any of the decisions and interpretations of Defendant Zoning Inspector Ridgley to the Township Board of Zoning Appeals. *Ridgley Direct, page 142; Doraty, page 69-70.*

## **CONCLUSIONS OF LAW**

### A. **FIFTH AMENDMENT DUE PROCESS CLAIM**

The Fifth Amendment provides in relevant part that "[n]o person shall…be deprived of life, liberty, or property, without due process of law… To succeed on a due process claim that a regulation is unconstitutionally vague and ambiguous, a plaintiff must show that the regulation fails to give fair notice or warning of the conduct regulated or prohibited. In other words, a regulation is unconstitutionally vague or "void-for-vagueness" if a person of ordinary intelligence cannot determine its meaning and application.

1. The MTZR, including MTZR §603E are presumed to be valid. *Lakewood, Ohio Congregation of Jehovah's Witnesses, Inc. v. City of Lakewood, Ohio*, 699 F.2d 303, 308 (6th Cir. 1983); *Alexander v. City of Oakwood, et al.,* Case No. C-3-87-011, 1993 WL1318608, at *8 (S.D. Ohio, Jan. 27, 1993); *J.D. Partnership, et al. v. Berlin Twp. Bd. of Trustees*, 412 F. Supp.2d 772, 788-

        789 (S.D. Ohio 2005); *Yajnik v. Akron Dept. of Health, Housing Div.*, 101 Ohio St.3d 106, 2004-Ohio-357, ¶16 (Ohio 2004).

2. MTZR §603E is not vague, confusing ambiguous or inconsistent.

3. The legislative intent of MTZR §603E is clear from the language of the section and is not susceptible to more than one reasonable or logical meaning. *Demko v. United States*, 44 Fed. Cl. 83, 86 (Fed. Ct. Cl. 1999); *In Re Tomlin v. Tomlin*, Case No. 99-35175-BJH-7, 2005 WL 6440629, at *14.

4. MTZR §603E gives fair notice or warning that the use of inflatable devices is prohibited in Medina Township. *Wedgewood Ltd. Partnership v. Township of Liberty, Ohio,* 578 F. Supp.2d 941, 952 (S.D. Ohio 2008).

5. A person of ordinary intelligence would have known from reading MTZR §603E that the display of inflatable devices of the nature displayed by BDK at the Property is prohibited. *Wedgewood Ltd. Partnership, supra*, at 952.

6. The legislative intent of MTZR §603E to prohibit inflatable devices is clear. *Demko, supra,* at 86.

7. Defendant Medina Township's interpretation and enforcement of the MTZR did not violate Plaintiffs' rights of due process.

**B.**     <u>**FOURTEENTH AMENDMENT EQUAL PROTECTION CLAIM**</u>

1. The Equal Protection Clause of the Fourteenth Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. *City of Cleburne, Texas v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985).

2. "Similarly situated" is a term used and understood to describe people or other entities in the same or similar circumstances.

3. The general rule is that legislation is presumed valid, and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest. *City of Cleburne, Texas*, 473 U.S. at 440.

4. The MTZR, including MTZR §603E are presumed to be valid. *Midkiff v. Adams Cty. Regional Water Dist., et al.*, 409 F.3d 758, 770 (6th Cir. 2005);

        *Gean v. Hattaway*, 330 F.3d 758, 771 (6th Cir. 2003); *J.D. Partnership, et al. v. Berlin Twp. Bd. of Trustees*, 412 F. Supp.2d 772, 788-789 (S.D. Ohio 2005).

2. The Property used by Plaintiff BDK to display inflatable devices is not similarly situated in all relevant respects with properties in the residential zoning districts of Medina Township. *Village of Willowbrook, et al. v. Olech*, 528 U.S. 562-564 (2000); *Tri-Health, Inc. v. Bd. of Commrs., Hamilton Cty.,* 430 F.3d 783, 788, 790 (6th Cir. 2005).

3. Medina Township's enforcement of MTZR §603E's prohibition of the display of inflatable devices against properties in commercial zoning districts, and particularly against Plaintiff BDK's displays, and not against residential properties to date, has a rational basis since inflatable devices displayed at residential properties are not "signs" unless they are "used to attract attention to any object, product, place, activity, person, institution, organization, or business" or for "purposes of advertising" and the residential displays of inflatable devices only attract attention to the inflatable devices themselves. *MTZR, Article II - Definitions, "Sign" and §603E; Warren v. City of Athens*, 411 F.3d 697, 711 (6th Cir. 2005).

4. Defendant Medina Township's enforcement of MTZR §603E against Plaintiff BDK was proper and not motivated by ill-will or animus as to Plaintiff BDK or as to any of the Plaintiffs. *Warren, supra*, at 711.

5. Defendant Medina Township's interpretation and enforcement of the MTZR did not violate Plaintiffs' equal protection rights.

## CONCLUSION

The evidence received during the course of the trial supports the findings of the Advisory Jury and the Court hereby adopts those findings. Accordingly, the Court finds in favor of Defendants on Plaintiffs' claim that MTZR §603 is void for vagueness in violation of the Due Process Clause of the Fifth Amendment and on Plaintiffs' claim that Defendants' interpretation and application of the MTZR violates

their rights under the Equal Protection Clause of the Fourteenth Amendment.

**IT IS SO ORDERED.**

                                               _/s/Donald C. Nugent_
                                               DONALD C. NUGENT
                                               UNITED STATES DISTRICT JUDGE

DATE:  June 8, 2011